IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MONAL PATEL;

    Plaintiff,

vs.

DEPARTMENT OF THE ARMY,
DEPARTMENT OF DEFENSE,

RYAN MCCARTHY, Secretary of the Army, in his Official Capacity;

    Defendants.

Case No: 1:20CV1016 CMH/IDD

**F I L E D**
AUG 31 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# COMPLAINT

## INTRODUCTION

1. Defendants (US ARMY, Secretary of Army in his official cap., and Dept of Defense) allowed for the upload and acceptance of an Incident Report (IR) by Credence Mgmt Solutions[1](Credence) on February 14,2020, into DoD's JPAS database, red flagged[2]. This was nearly 3 wks after Plaintiff's employment with them ended (January 22,2020). At the time of IR, Plaintiff was working for another Army prg. contract for a firm called Galorath Inc. On February 21, 2020, Army decided to revoke Plaintiff's CAC credential and access to DoD buildings, and he was subsequently fired that day by Galorath. At some point after firing, Plaintiff learned of the IR in his JPAS file and this brings us to the complaint against the government agency, Dept of Defense-Dept. of the Army.

2. Plaintiff is bringing claims against the government by pleading that a deprivation of liberty interests occurred. He brings this cause of action under 42 U.S.C. S.1983, civil actions for deprivation of rights. He also brings property rights to a cause of action using the due process clause of the 14th and 5th Amendments. Finally, he also brings a claim of the Privacy Act, Information Collection Section violation, under 5 U.S.C. S.552a (e)(1).

3. The words of the District Judge as recorded in the Appellate Decision to affirm *Taglia v. Philco*, carry weight of established process: the privilege of communication on security is only absolute by adhering to law. Workers at JPAS/DMDC should have been trained that they should check this was a period in which Credence lacked the authorization to submit any un-required reports on former employees. Because management and especially the JPAS workers would have training on NISPOM Manual's guidance on adverse actions reporting, it can be inferred that they knew some of these attachments should be questioned as innuendo and rumor, and thereby irrelevant or inappropriate for this forum. That they continued to submit it knowing the expected reactions/acceptance from/by Army& DoD, and knowing the pure inadmissibility of the Linked In message, shows their willful deceit, but also a negligent process on part of DoD in not following NISPOM 1-302a, for which I unfairly was harmed.

---

[1] Credence and Galorath are federal defense contractors  [2] security clearance was red flagged in JPAS with the IR

4. Problematic Egan and the False Equivalency between Al-Kaysey v. Engility and my Case: In *Taglia, Al-Kaysey, Becker* all of them dealt with current employment. My case more resembles *Press* in that we both had the action of an IR being uploaded to the government after our employment ceased. Also, since Army decided to revoke my CAC and accesses based off the I.R. in JPAS, and the underlying items depicted in said report were off-duty time period, that discipline of CAC revocation must be shown to promote the "efficiency of the service" by agency, and they have not done so. I challenge this disciplinary action for "off-duty misconduct" because I can prove that this did not affect my ability to do my job. My work remained solid. In *Loudermill*, it was basically affirmed that if you have a government job in the competitive service your entitlement is owed due process pre-adverse event to a hearing and rebuttal and post-term to a hearing, and no right to confront. On other hand, contractors have the right to confront. But, in my case, I was denied **both**, the right to confront, and the right to due process. This is the very definition of injustice. And the government, in my case Army and DoD, have liability for their part. Plaintiff seeks a declaration from this Court affirming that his rights have been violated and a permanent injunction against future enforcement of the CAC revocation, buildings access denial, and I.R.

5. Plaintiff brings this action under 42 U.S.C. § 1983 to vindicate his rights under the Fourteenth Amendment to the United States Constitution against deprivations of liberty without due process of law, to personal security, to acquire and to maintain against deprivation of property interests, as well as his right under the Ex Post Facto Clauses of the state and federal constitutions to be free from Ex Post Facto laws. Action also brought under 5 USC 552a (g)(1)(C), (g)(1)(D), (e)(1) - Info. Collection Section.

## JURISDICTION AND VENUE

6. Plaintiffs' claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3).

7. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65. The federal rights asserted by Plaintiffs are enforceable under 42 U.S.C. § 1983.

8. Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(e). Defendants Department of the Army, and Secretary of the Army, as well as DoD, reside in this judicial district. All of the events and omissions by Defendants giving rise to this action occurred in this judicial district.

## PARTIES

*Plaintiffs*

9. Plaintiff Monal Patel is a resident of Washington, DC, Washington County, where he resides at 2020 F St NW APT 125, Washington, DC 20006.

*Defendants*

15. Defendant # 1 gov't agency of DoD, Department of the Army, and its head, Secretary of the Army Ryan McCarthy, in his official capacity.

16. Defendant Secretary is located at Pentagon (with address of 101 Army Pentagon, Wash DC), however **service of process upon him in his official capacity, and upon the Dept. of the Army HQ is made upon the: Chief, Litigation Division, HQDA (DAJA-LT), 901 North Stuart St, Arlington, VA 22203-1837.**

17. For the purposes of needing to be served the summons and complaint for claims against the US Government, The Attorney General of the US will be served at: **Attorney General of the US, Main Justice Bldg, 10th & Constitution Ave NW, Washington, DC 20530** .

18. And, the US Attorney for the Eastern District of Virginia will be served at: US **Attorney for the Eastern District of Virginia, 2100 Jamieson Ave, Alexandria, VA 22314** .

## FACTS

19. *Al-Kaysey* brought up the notion of predictive judgment in security clearance cases. My case differs though, in that the events begin with a contractor's action, not the government's. And in knowing me all of 27 work days, Credence had no ability to make a reasoned predictive judgment of me. Moreover, by 2/14, Credence is freshly aware of my intent to sue, so they would have a bias to base a report on me with innuendo and rumor which they did (included unsubstantiated phrases like "their people are freaked out").

20. I ask, for is there justice if I am expected to work and produce the same as a federal worker, have the same duties, report to the same supervisor, but then not afforded the same *Loudermill* rights, and when I am looked at in the opposite as a contractor employee, I too am denied the right to confront at that junction? This is exploitation of my labor and of my very being, and Dept of Defense has been one of my perpetrators. The 1976 decision in Paul v. Davis established that only if some tangible loss, such as concurrent loss of government employment, accompanies a state-caused stigmatic harm does a constitutional right to due process arise. Reputation should be at least conceptualized as part of individual liberty. Army/DoD harm my reputation as they keep the IR.

### Single Integrated Enterprise: Defendants Exerted Indicia of Control over Employment Duties

114. The Indicia of control is sufficient to establish Army as joint employer.

115. During the course of my employment with GFEBS, Army exerted control over my daily duties, provided evaluations on work, engaged me as a team member in weekly GFEBS-SA and GFEBS BMD team meetings, BMD team lunches and outings. This was centralized control of labor relations.

116. The Prodct. Dir. of GFEBS-SA also designated me along with civilian COR, as her representatives for a recurring Enhancements Contract IPT.

117. BMD Budget Analyst Indu Chauhan asked me personally to attend and be the face of GFEBS-SA in the Jan O-6 monthly budget execution review, in order to field questions from COL Burton or the Deputy PM, which is usually done by the P.D. I attended weekly contracts meeting with ACC RI team and AFS (lead contractor), often in lieu of COR.

118. This dynamic is also described as "single integrated enterprise" that showed intertwined operations as Credence had its on site PM at GFEBS office, he coordinated the performance counseling with Army BMD Chief, I used all Army equipment for work duties, had only Army CAC ID. Albeit there was no centralized common ownership, but there was common management and centralized control of labor relations (personnel decisions, evaluations, disciplinary actions, program analysts all had same duties regardless of emp.). And the final decisions regarding employment can be argued to have lied with Army, as Credence's email notes, Brian Sundin met with Ms. Dover, Ms Chang, Reg Shuford Jan 16th or so, and they were driving force to make Credence decide to terminate. Both entities shared office space, and are linked by a common business purpose to serve army customers with business systems PMO functions.

5

IR is Incident Report

### Pre-Deprivation Due Process/ DCSA Allowed Violation of NISPOM to Occur with Unauthorized Upload to JPAS

121. The Loudermill Decision stated that property rights violations for government employment (entitlement) requires pre and post deprivation due process. And its applied to liberty interests rights, like reputation damage, as well.

122. The U.S., by way of DoD and Army, had a duty to exercise reasonable care in maintenance of JPAS, and that by allowing Credence to upload reports without authorization, and by failing to remove the reports, it breached that duty and caused me harm (reputation and firing with lost income, future revenue).

123. The privilege set forth in *Becker* does not extend to communications that were not required of government contractors.

124. District Court of MD found no support for contention that government contractor is absolutely privileged in its false, irrelevant, or unauthorized communications to the U.S. government. Credence lost authorization when they fired me 1/22/20. (JPAS record shows sponsorship changed to Galorath on 1/30/20 through 2/21/20)

125. The Court also appeared to have expanded the notion of liberty to include the right to be free of official stigmatization, and could require due process. I had violations of both property interests (wages) and liberty interests (reputation stigmatized).

### Defendants' Arbitrary Enforcement of an Authority Not Given in AR 380-67 and Violation Thereof.

126. The Army reached a decision on 2/21/20 to revoke my CAC and all buildings access, and with no systems access or site access, I was fired. Army regulation AR 380-67 Chp 8 lays out a process for adverse reporting, which was not followed. Since the adverse actions like access denials and removal can only be after a report goes to DoDCAF and after protections as laid out in the regulation, Army officials who decided and demanded that revocation had no authority to do so. Nor did I ever get a formal declaration who conducted the investigation. The enforcement continues now.

### COUNT I:
### DEFENDANTS VIOLATE PLAINTIFF'S PRIVACY ACT RIGHTS, NOT MAINTAIN RELEVANT AND NECESSARY RECORDS.

127. Under 5 USC S 552a (e) (1), the agency shall only maintain records deemed relevant and necessary to an end required to be accomplished by law. My case involves an irrelevant report made in JPAS, by a former employer who no longer was a servicing entity to my security clearance. It was, by NISPOM verse, not required, and as such, unnecessary. After the incident report was uploaded to JPAS by former employer Credence, on 2/14/20, I was the subject of a misconduct investigation by ACC NJ (Galorath Pres Bob Hunt's email and Galorath term letter which states "we were notified by our U. S. Army contact that you had engaged in threatening behavior and inappropriate workplace conduct") in February 2020, which led to the adverse determinations of my CAC being revoked and all DoD buildings access denied on 2/21/20 (and subsequent termination by Galorath on same date). The investigation led by Army officials concluded with me not being contacted/interviewed at all, and by asking non agency personnel about me before questioning me. This violated the information collection section of the Privacy Act, and this had an adverse effect on me, in that I was terminated, and suffered actual damages. The fact that JPAS has maintained this unauthorized info in my record is causing me great harm for which they are liable.

128. Background: If you are the subject of an investigation, agencies that maintain a system of records must collect as much information as possible directly from you, when the information may result in adverse determinations about your rights, benefits, and privileges under federal programs. The agency (DoD) has a responsibility of collecting objective information from you directly (and in many cases, first). If you find out that the officials asked co workers or non-agency personnel about your conduct before questioning you, or if the investigation concludes with you not being contacted at all, you may have a cause of action against the agency (DoD) for violation of the information collection section of the Privacy Act.

129. In order to sue for violation of the info collection section of the Act, you must prove that:

*the agency maintains a system of records [DoD has a system of records on me in JPAS database, which includes the incident report, and this was an unauthorized entry, so it is maintaining an inaccurate record]

*the agency's violation of the Act was intentional or willful [DoD's allowing and accepting the upload of incident report into JPAS after Credence lacked the authorization to file it was committed without grounds, as NISPOM does not require irrelevant reports on former employees of contractors]

*the agency's contact with 3rd parties, prior to questioning me, had an adverse affect on me [DoD's contact with Galorath, with Arc Source Group, with Heartland Consulting, and without ever even questioning me, had the adverse affect of getting fired two times from Galorath

6

129 cont.   and Arc Source, and losing lucrative job prospects like with Heartland or Mission 1st]
*I suffered actual damages [the damages of loss of income from both Galorath and Arc Source, plus benefits, $106,000; medical expenses related to emotional pain and suffering, $100; litigation related expenses, $2,000]

## COUNT II:
## THE REVOCATION VIOLATES PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS TO MEANINGFUL NOTICE AND OPPORTUNITY TO BE HEARD.

130.   The IR being filed, is treated as a SOR in JPAS, a DoD System thus makes it a government owned item. The DoD allowed this unauthorized and irrelevant IR to be filed. This is defaming me by its language, tone, and implied psychological innuendos. This rises to the level of a "stigma", as its wording has caused two employment terminations and subsequent loss of numerous potential jobs. This governmental action impugned my reputation, honor, and integrity. And NISPOM Manual (DoD 5220.22-M) clearly states that the IR should not include innuendos or rumor, which it does.

131.   Harm to reputation alone does not implicate liberty; however, and agency's denial or termination of even an unprotected benefit, such as access to an installation, together with stigmatizing allegations, may be enough to trigger the need for due process. Process under these circumstances permits the stigmatized individual the opportunity to clear his or her name." I was denied liberty interests by them damage my rep. with stigma.

132.   In *Wisconsin v. Constantineau*, the Court invalidated a statutory scheme in which persons would be labeled a stigmatic name without a hearing and rebuttal, and said governmental action impugned the individual's reputation, honor, and integrity. In *Paul v. Davis*, the Court appeared to retreat, holding instead that the liberty interest extended only to those situations where loss of one's reputation also resulted in loss of a statutory entitlement, e.g. government employment. Thus, unless the government's official defamation has a specific negative effect on an entitlement, such as my government employment, there is no protected liberty interest that would require due process. My case, the specific negative effect of me getting fired was caused by the defamation by Army in allowing the publishing of the I.R. in JPAS record with inaccurate information.

133.   An agency averts process when it denies or terminates a benefit for potentially stigmatizing reasons by not making the information public. A deprivation of liberty interests occurred with me. I was never interviewed. The Privacy Act also requires information about an individual be collected from that individual to the greatest extent practicable." The collection of my information was fatally flawed, it lacked the authorization to be reported upon, and it violated my Privacy Act rights, thus making that information inadmissible. Pl

134.   Since I claim joint employer status with Army and Credence/Galorath at the time, from the common used DOL test, or final rule of NLRB on joint employer test (indicia of certain control by Army over my duties), I have the same entitled rights to the job as a government job. From the Supreme Court in certiorari: The Court explained that, "once it is determined that the Due Process Clause applies, the question remains what process is due. The answer to that question is not to be found in the Ohio statute." Rather, it comes from the Federal Constitution. The Loudermill Court explained that the "root requirement" of the Due Process Clause is that "an individual be given an opportunity for a hearing before he is deprived of any significant property interest. This principle requires some kind of a hearing prior to the discharge of an employee who has a constitutionally protected property interest in his employment." One reason for this due process right is the possibility that "[e]ven where the facts are clear, the appropriateness or necessity of the discharge may not be; in such cases, the only meaningful opportunity to invoke the discretion of the decisionmaker is likely to be before the termination takes effect." The Court was emphatic that "the right to a hearing does not depend on a demonstration of certain success." My claim to Army being joint employer, job role give way to entitlement.

7

- MSPB "What is due process in fed civ service?" https://www.mspb.gov/mspbsearch/viewdocs.aspx?docnumber=1166935&version=1171499&application=ACROBAT

## COUNT III:
## DEFENDANTS ARE VIOLATING PLAINTIFFS' SUBSTANTIVE DUE PROCESS RIGHT TO PERSONAL SECURITY.

135. Violations irrespective of the fairness of the procedures utilized: This substantive guarantee is intended to prevent state actors from employing their power in an abusive or oppressive manner. The army's enforcement of the revocation of my CAC and red flag on my clearance from the IR violates due process by so severely restricting my job options in my field as to render me unemployed and unable to safeguard my fundamental right to personal security.

136. But for the revocation of my CAC and Defendants' arbitrary and unpredictable actions, I would be employed now. As I cannot afford rent, bills, etc., my security is at risk.

137. Defendants have an affirmative duty to protect Plaintiff from these threats to his personal security because their non-enforcement of the Army regulations and NISPOM has directly and proximately caused these conditions.

138. Applying Mathews v. Eldridge standard in the context of government employment, the Court has held, interest of employee in retaining his job requires provision of some minimum pre-term notice and opportunity to respond, followed by a full post-term hearing, with all procedures normally allowed and back pay if employee is successful. Where adverse action is less than termination, prompt hearing may be sufficient.

139. I was not given any pre-term notice or rebuttal, nor post-term hearing or damages. I had no hearing post-adverse action. According to Loudermill decision, I was entitled to pre and post deprivation due process.

## COUNT IV:
## VIOLATING PLAINTIFF'S PRIVACY ACT RIGHTS FOR INFORMATION COLLECTION; THE ACTION IS AN UNCONSTITUTIONAL EX POST FACTO LAW.

140. The Ex Post Facto Clause of Article I, Section 9 of the United States Constitution prohibits an agency from retroactively increasing an individual's punishment above that authorized by the law in effect at the time the offense was committed.

141. Defendants allowed the upload to JPAS and then the revocation with the intent to punish for items they did not fact check, and were not within regulations.

142. Damages Lawsuits under 5 U.S.C. § 552a(g)(1)(C)
"Whenever any agency ... fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual [the individual may bring a civil action against the agency]."
Williams v. BOP, No. 94-5098, 1994 WL 676801, at *1 (D.C. Cir. Oct. 21, 1994) DoD & Army "maintained an inaccurate record or that it made a determination adverse to [me] in reliance on inaccurate information capable of verification, the statutory prerequisites to maintaining an action pursuant to the Privacy Act". The inaccurate information is also due to Army not ever interviewing me, or asking me directly for details about me. And each day that DoD retains this record harms me.

Damages Lawsuits under 5 U.S.C. § 552a(g)(1)(D)
"Whenever any agency ... fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual [the individual may bring a civil action]." Reed v. Navy, 910 F. Supp. 2d 32, 45 (D.D.C. 2012) (finding that disclosures did not cause plaintiff to be constructively discharged because "the causal link between the disclosures and plaintiff's separation from [his employer] is broken by intervening events") and, it was the faulty IR allowed by JPAS that triggered Army investigation which led to CAC revoking and subsequent discharge. There is a clear unbroken causal link.

143. Claims of violating privacy act info collection section, under 5 U.S.C. S.552a (g) (1)(D), and 5 U.S.C. S.552a (g) (1)(C).

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter a judgment declaring Plaintiff's CAC revocation and all DoD and federal building access denials in violation of the 14th Amendment and 5th Amendment;

b. Enter a judgment declaring that Defendants' failure to provide Plaintiff with notice and an opportunity to be heard on whether IR filed on him was relevant, was true or not true, violates the right to due process guaranteed by the 14th Amendment, and was negligent.

c. Enter a judgment declaring that Defendants' enforcement of the revocation violates Plaintiff's substantive due process right to personal security under the Fourteenth Amendment to the United States Constitution.

d. Enter a judgment declaring that Defendants' revocation of CAC violates Plaintiff's substantive due process rights to acquire and maintain liberty as guaranteed by the Fourteenth Amendment to the United States Constitution. And, my property interests.

e. Enter a judgment declaring that the incident report in question violates the federal prohibitions against ex post facto laws.

f. Issue a permanent injunction prohibiting Defendants from enforcing the decision to revoke CAC as AR 380-67 Chpt 8 was not followed;

g. Issue a permanent injunction requiring Defendants to provide notice and an opportunity to be heard on whether IR is required, and whether Defendants allowed the upload to JPAS when there was a lack of authorization, thereby they showed negligence;

h. Award costs and attorney's fees pursuant to 5 U.S.C. § 552a (g) (1) (C), and 42 U.S.C.§ 1983; $239,100

i. Grant or award any other relief this Court deems just and proper.

Respectfully submitted,

Monal Patel, pro se Plaintiff

Date: August 31, 2020

Each document filed by pro se shall bear the following certification:

## CERTIFICATION

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of this document. *

Monal Patel

/s/ monal patel          *Monal Patel*

Executed on : 8/31/20 MP

                             OR

(2) _____ (name of attorney)
    _____(address of attorney)
    _____(phone of attorney)

Prepared, or assisted in the preparation of this document.

Monal Patel

_____

Executed on: